**Wanis KOYOMEJIAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73493.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2008.

Filed March 4, 2008.

Bob S. Platt, Esq., Law Office of Bob Platt, Granada Hills, CA, for Petitioner.

Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, GRABER, and BERZON, Circuit Judges.

## MEMORANDUM *

Petitioner Wanis Koyomejian, a 66-year-old lawful permanent resident of the United States who was born in Syria, petitions for review from the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") order of removal. Petitioner argues that substantial evidence does not support the IJ's findings that Petitioner is removable and ineligible for deferral of removal under the Convention Against Torture ("CAT"). We grant the petition.

■ 1. Petitioner is not a "national of the United States" within the meaning of 8 U.S.C. § 1101(a)(3) because, as he con-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cedes, he did not complete the naturalization process. *Perdomo–Padilla v. Ashcroft,* 333 F.3d 964, 968–69 & n. 4 (9th Cir.2003).

2. We reject Petitioner's argument that, because the government delayed sending notice of his swearing-in ceremony, the government is estopped from arguing that Petitioner is not a national. Petitioner's testimony—the only evidence introduced on this point—established only negligence on the part of the government. "A party seeking to raise estoppel against the government must establish affirmative misconduct going beyond mere negligence...." *Morgan v. Gonzales,* 495 F.3d 1084, 1092 (9th Cir.2007) (internal quotation marks omitted), *cert. denied,* —— U.S. ——, 128 S.Ct. 1290, 170 L.Ed.2d 71 (2008).

3. On the merits of Petitioner's CAT claim, we hold that the record compels a finding that it is more likely than not that Petitioner would be tortured if returned to Syria. *See Khup v. Ashcroft,* 376 F.3d 898, 902, 907 (9th Cir.2004) (holding that the "substantial evidence" standard applies to the BIA's findings underlying its determination that a petitioner is ineligible for relief under the Convention Against Torture); *Monjaraz–Munoz v. INS,* 327 F.3d 892, 895 (9th Cir.2003) ("We review the BIA's findings of fact ... for substantial evidence and must uphold the BIA's finding unless the evidence compels a contrary result."). The government did not rebut the expert witness' testimony that it is highly probable that Petitioner will be detained upon arrival in Syria and that, if detained, he will be tortured. The IJ found that Petitioner would not be tortured because Syria would not know the reason for Petitioner's removal. Substantial evidence does not support that finding because of the notoriety of Petitioner's crime and the fact that the information is easily discoverable on the internet. Furthermore, the State Department's Country Report for Syria states that Syria may prosecute returning Syrians who have been deported, simply for that reason. We therefore hold that Petitioner is entitled to deferral of removal under CAT. *See* 8 C.F.R. § 1208.17(a) (listing the requirements for CAT deferral of removal).

Petition for deferral of removal under CAT GRANTED.